******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., concurring. Because I agree with the majority that the judgment of conviction of the defendant, Daniel W. E., should be affirmed, I concur in the result. I also agree with and join part I of the majority opinion. I do not agree, however, with part II of the majority opinion, in which the majority sets forth its modification of the constancy of accusation doctrine. Under the majority's rule, although a victim is allowed to testify in a sexual assault case on direct examination that he or she told third parties—the constancy witnesses—about such an assault prior to officially reporting the assault, the testimony of the constancy witnesses, corroborating the victim's testimony that the victim made a complaint to them prior to the official report of the assault, would be admissible under the constancy of accusation doctrine only if the defendant impeaches the victim on the basis of any delay in reporting. This court's last major modification of the doctrine was in *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996). Because there is no evidence that the modification that this court made to the doctrine in *Troupe* has proven insufficient to protect defendants, I disagree that the doctrine needs further modification.

Preliminarily, I note my agreement with the majority and "the *overwhelming majority of other jurisdictions* that the generally applicable rules of evidence are insufficient to remedy potential juror bias against victims who delay in reporting a sexual assault." (Emphasis added.) Given that starting point, it is significant that the majority concludes, correctly, I believe, that the trial court in the present case properly instructed the jury on the use of constancy of accusation evidence because those instructions "accurately portrayed the law and did not mislead the jury" or "cause the defendant undue prejudice." Finally, I agree with the majority's identification of the competing interests of victims and defendants, interests that this court balanced appropriately when it modified the constancy of accusation doctrine in *State* v. *Troupe*, supra, 237 Conn. 303–305. That is, victims of sexual assault have an interest in the remedy provided by the constancy of accusation doctrine, which allows for the introduction of evidence for the limited purpose of offsetting the unwarranted negative inference drawn by jurors from a victim's delay in reporting the assault to authorities. As the majority observes, defendants have an interest in being protected against the "potential prejudice . . . caused by the testimony of *multiple* constancy witnesses." (Emphasis added.) I observe that this is the *only* potential prejudice to defendants identified by the majority.

When this court modified the constancy of accusation doctrine in *Troupe*, it recognized that doing so impli-

cated the doctrine of stare decisis. *State* v. *Troupe*, supra, 237 Conn. 303. The court explained, however, that "[e]xperience can and often does demonstrate that a rule, once believed sound, needs modification to serve justice better." (Internal quotation marks omitted.) Id. The court in *Troupe* explained why the old rule needed to be modified. Id. When *Troupe* was decided, Connecticut was one of only five states that permitted testimony regarding the details of a sexual assault victim's prior complaint, even when that testimony would not have been admissible under the general rules of evidence. Id., 299–300. At the time, Connecticut's constancy of accusation doctrine allowed the repetition of the details of the complaint by the constancy witnesses, which was the aspect of the Connecticut rule that was out of line with the majority of jurisdictions. Allowing those details to be repeated, the court explained, went further than necessary to protect victims who have delayed reporting a sexual assault from the jurors' subconscious biases against them. Id., 303. A more reasonable accommodation of the interests of victims and defendants, the court reasoned, was to restrict constancy evidence to the fact and timing of the victim's complaint, with only the details necessary to associate the victim's complaint with the pending charge. Id., 304. With the modification of the doctrine in *Troupe*, the court brought Connecticut in line with the majority of jurisdictions.

By contrast, in today's decision, the majority does not mention stare decisis or offer any explanation as to why the constancy rule, as modified by *Troupe*, " 'needs modification to serve justice better.' " Id., 303. Moreover, the majority's rule now sets Connecticut apart from the majority of jurisdictions, which—as observed by this court in *Troupe*—recognize the continued need for constancy of accusation testimony. Id., 299. Specifically, at the time that *Troupe* was decided, the only state that did not allow the prosecution to introduce evidence of a sexual assault victim's complaint in its case-in-chief was California. Id. The majority has uncovered only *two* states that have reexamined their rules on the admission of constancy of accusation testimony since *Troupe*, and of those two jurisdictions, only one state has abandoned the doctrine. See *Commonwealth* v. *King*, 445 Mass. 217, 242–44, 834 N.E.2d 1175 (2005) (adopting first complaint doctrine), cert. denied, 546 U.S. 1216, 126 S. Ct. 1433, 164 L. Ed. 2d 136 (2006); *State* v. *Madigan*, 122 A.3d 517, 529–30 (Vt. 2015) (abandoning " 'fresh-complaint rule' " or constancy of accusation doctrine as independent evidentiary doctrine). Accordingly, all but two jurisdictions—California and Vermont—continue to rely on some form of the doctrine to counteract unwarranted biases against victims of sexual assault. Thus, not only does the majority fail to offer any explanation for its decision to modify the constancy of accusation doctrine, but in doing so, the majority goes against the clear weight of authority.

The present case illustrates that the trial courts, in the proper exercise of their discretion, are in the best position to balance the competing interests of victims and defendants. The majority specifically recognizes that the trial court properly applied *Troupe*, and that the defendant suffered no prejudice from the introduction of constancy testimony. Had the majority followed the logic of its own analysis, it would have left *Troupe* unchanged and the constancy of accusation doctrine intact. Instead, the majority makes the classic error of attempting to fix something that is not broken. The result is a rule that fails to recognize and accord proper deference to the role performed by trial courts pursuant to *Troupe*, a role that they were performing properly.

It is the trial judge, who presides over a case as it unfolds, who is in the best position to exercise discretion in order to balance the interests implicated by the introduction of evidence. In recognition of the importance of that role, this court stated in *Troupe* that "[i]n determining whether to permit [constancy of accusation] testimony, the trial court must balance the probative value of the evidence against any prejudice to the defendant." *State* v. *Troupe*, supra, 237 Conn. 305. Rather than recognizing that the task of weighing the probative value of the testimony of constancy witnesses against its prejudicial impact is a function within the particular expertise of the trial courts, the majority takes that discretion from the courts and hands it over to defendants. By reassigning the discretion of the trial courts to the group most ill-suited to balance the relative interests—defendants—the majority also upsets the careful balance that had been achieved by *Troupe*. In doing so, the majority rushes headlong into one of the dangers recognized by *Troupe*—allowing defendants, rather than the trial court, to control whether sexual assault victims should have to "suffer whenever members of the jury [hold] prejudices that [victims] who do not complain have not really been [sexually assaulted]." (Internal quotation marks omitted.) Id., 302. By taking the discretion away from the neutral trial court, and giving exclusive control over the admissibility of the testimony of the constancy witnesses to the person who most benefits from the unwarranted societal prejudices against sexual assault victims, and who is guaranteed to make choices that capitalize on those societal prejudices, the majority fails to achieve its stated purpose of balancing the interests of victims and defendants.

I also observe that the majority's rule is not even remotely connected to the claimed purpose of addressing "potential prejudice to defendants caused by the testimony of multiple constancy witnesses." Instead, the majority's rule yields an all or nothing result. It precludes the introduction of *any* testimony from constancy witnesses whenever the defendant states that he or she will not rely expressly on the delay

in reporting to impeach the credibility of the victim. If the defendant elects to rely on the delay, however, the trial court may exercise its discretion to allow *multiple* constancy of accusation witnesses. If the majority had wished to actually address the defendant's claimed prejudice, a much more logical choice would have been to adopt the first complaint doctrine, as the Supreme Judicial Court of Massachusetts has done. See *Commonwealth* v. *King*, supra, 445 Mass. 242–44. That doctrine allows constancy testimony, but limits the testimony to the first prior complaint of the victim. I am not advocating that this court adopt the first complaint doctrine. As I have stated in this concurring opinion, I believe that the trial courts have been applying *Troupe* in a manner that achieves the proper and fair balance between the interests of victims and defendants. I merely observe that if the majority's aim is to address defendants' claimed prejudice due to constancy evidence from multiple witnesses, the first complaint doctrine would address that issue.

Accordingly, because I do not agree that *Troupe* should be modified, but agree with the result in the present case, I respectfully concur.